IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CONNOR A. DAVIS,

    Petitioner,                      No. CIV S-06-2900 LKK DAD P

    vs.

RED BLUFF PAROLE OFFICE, et al.,     ORDER AND

    Respondents.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not paid the $5.00 filing fee or filed an in forma pauperis application. See 28 U.S.C. §§ 1914(a) and 1915(a).

        Petitioner is confined in San Quentin State Prison. His habeas petition filed December 26, 2006, is not dated. Petitioner alleges that he is challenging a Colusa County judgment of conviction entered on September 7, 2006, for which he received a sentence of one year with half-time. Petitioner alleges that he filed a direct appeal with the Director of Corrections and has not received a response. Petitioner further alleges that he has not filed any other petitions, applications, or motions with respect to the judgment at issue.

        Petitioner has not set forth any ground for relief on the form but has made the following entry in the space provided for supporting facts for Ground One:

1

> Have tape at San Quentin State Prison. Have no way to listen to the tape. On Nov 13 2006 the [sic] from B.P.T. - letter to CCII at San Quentin State Prison for written copy of tape still no answer back.

(Pet. at (5).)

The exhaustion of state court remedies is a prerequisite to the granting of a federal petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Exhaustion cannot be waived except by explicit waiver of counsel for the proper respondent to the action. 28 U.S.C. § 2254(b)(3). In order to satisfy the federal exhaustion requirement, the petitioner must fairly present all of his federal claims to the state's highest court before he presents them to any federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 276 (1971); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986). In California, a federal claim is fairly presented to the state's highest court only when the claim is presented to the California Supreme Court either on direct appeal or in a habeas petition that describes the operative facts and the legal theories upon which the claim is based. Bland v. California Dep't of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994).

The petitioner in this case does not appear to have exhausted state court remedies by presenting his claims concerning the Colusa County judgment to the California Supreme Court. This court cannot grant petitioner relief relative to his 2006 conviction. The undersigned will recommend that this case be dismissed without prejudice for failure to exhaust state court remedies prior to filing this action. If petitioner subsequently exhausts available state court remedies on his claims, he may commence a new federal habeas case.[1]

/////

---

[1] Petitioner is cautioned that a one-year statute of limitations applies to the filing of non-capital habeas corpus petitions in federal court. In most cases, the one-year period of limitation begins to run on the date on which the defendant's judgment became final by the conclusion of direct review or by the expiration of his time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. See 28 U.S.C. § 2244(d).

1    Petitioner is informed that "[a] petitioner for habeas corpus relief must name the
2 state officer having custody of him or her as the respondent to the petition." Stanley v. California
3 Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), Fed. R. Governing § 2254
4 Cases).  The proper respondent is the warden of the institution where petitioner is confined.  If
5 petitioner commences a new federal habeas action after exhausting state court remedies, he must
6 name as respondent the warden of the institution in which he is confined at that time.
7    Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall serve a
8 copy of this order and findings and recommendations, together with a copy of the habeas petition
9 filed December 26, 2006, upon the Attorney General of the State of California; and
10    IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus
11 be dismissed without prejudice for failure to exhaust state court remedies on any claim alleged in
12 the application.
13    These findings and recommendations will be submitted to the United States
14 District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
15 twenty days after being served with these findings and recommendations, petitioner may file
16 written objections with the court.  A document containing objections should be titled "Objections
17 to Findings and Recommendations."  Petitioner is advised that failure to file objections within
18 the specified time may, under certain circumstances, waive the right to appeal the District Court's
19 order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
20 DATED: January 22, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
davi2900.103

3